## HUMBLE V. SHOEMAKER.

1. **Seduction**: MINOR CHILD: MARRIAGE BEFORE CONFINEMENT: ACTION BY FATHER: DAMAGES. At common law an action by a parent for the seduction of a minor daughter is based on a loss of services, and if there is no such loss the action cannot be maintained. If section 2556 of the Code applies to such a case, still there can be no recovery except for loss of services and expenses. And where there was no loss of services or expenses incurred prior to the daughter's confinement, but she had before that time been married to another than her seducer, *held* that the father could recover nothing, because, after her marriage, he was not entitled to her services, and was not bound to incur expense in her behalf.

2. **Instructions**: SHOULD BE GIVEN TO AVOID PREJUDICE. Where plaintiff in his petition and in his opening statement to the jury claimed fraud and conspiracy on the part of the defendant, but wholly failed to introduce any evidence sustaining such claim, *held* that it was error for the court to refuse to instruct the jury not to take such claim into their consideration.

3. **Examination of Witnesses**: REFRESHING RECOLLECTION: IMPEACHMENT. While a party may not impeach his own witness, yet, where he is surprised by the statement of a witness, he may, for the purpose of enabling him to recollect and testify the truth, ask him whether he did not, at a certain time and place, make a different statement to the party or counsel.

*Appeal from Wapello Circuit Court.*

THURSDAY, DECEMBER 9.

ACTION AT LAW. Trial by jury. Judgment for the plaintiff, and defendant appeals.

One of the instructions asked by the defendant, and refused by the court, was: "(15) You are instructed not to take into consideration the claims and allegations of fraud and conspiracy made by plaintiff in his amended petition and opening statements, for the reason that he has offered no proof on the subject."

One of the instructions given over the defendant's objection was: "(16) If the girl, Hester, was brought to her confinement at the home of the plaintiff, and was kept and cared

for there, and at his expense, and if you further find that her marriage to the man Getz was procured by the fraud or fraudulent conspiracy of defendant, you would be justified in finding loss of service during such confinement and convalescence."

*Stiles & Beaman* and *W. W. Cory*, for appellant.

*H. B. & L. C. Hendershott*, for appellee.

SEEVERS, J.—The petition and amendments thereto state that the defendant seduced the plaintiff's minor daughter; that she became pregnant, and gave birth to a child in August, 1882, and that defendant was the father of such child; that, at the time she was seduced, the daughter of the plaintiff lived with and performed labor for the plaintiff; and that, by reason of her seduction and pregnancy, the plaintiff's said daughter became sick, unable to perform labor, and plaintiff was thereby put to trouble, incurred expense, and lost the service of his said daughter. The seduction is stated to have occurred in 1881. It is further stated that the plaintiff's said daughter was married to one Getz about the first day of June, 1882, and that such marriage was the result of and took place by reason of a conspiracy entered into by the defendant and others for the purpose of shielding him from the consequences resulting from the seduction, and that said marriage was consummated by reason of the fraud of the defendant. The defendant denied the allegations contained in the petition, and pleaded said marriage, a compromise and settlement with the plaintiff, and the statute of limitations, as defenses.

I.  The plaintiff, against the objection of the defendant, was permitted to introduce evidence tending to show that his daughter was confined at his house, and the length of time she was sick. The defendant asked the court to instruct the jury that the plaintiff's action was "based on a loss of services,"

1. SEDUCTION: minor child: marriage before confinement: action by father: damages.

and that the plaintiff "would be entitled to no services of his daughter after she married Getz; and, in determining whether there was any loss of services, you are confined to a time before her marriage with Getz." These instructions were refused, and the court instructed the jury that "the marriage of the girl Hester, to Getz, does not prevent plaintiff from maintaining an action.   *   *   * If you find for the plaintiff, you may consider, in addition to his loss of service and expense of the girl's sickness, if any, the plaintiff's wounded feelings.   *   *   * "

The Code of 1851, § 1697, in express terms provided that a parent could maintain an action for the seduction of a minor daughter, although the daughter was not living with or in the service of such parent. *Stevenson v. Belknap*, 6 Iowa, 97.  This provision has been omitted from the present Code; but section 2556 thereof is as follows: " A father   *   *   * may prosecute, as plaintiff, an action for the expenses and actual loss of service resulting from the injury or death of a minor child."  Without determining whether this action is within the statute, but, for the purposes of the case, conceding that it is, we think the court erred in the admission of the evidence above referred to, and in refusing the instructions asked, and in the instructions given.  At common law the rule is well settled that an action by a parent for the seduction of his daughter is based on a loss of services, and, if there is no such loss, then the action cannot be maintained.  2 Greenl. Ev., §§ 572, 573. Under the statute, conceding its application, the action must be based on a loss of service, and expense incurred.  There is no evidence tending to show that the plaintiff incurred any expense prior to the confinement of his daughter, and this was after her marriage to Getz.  Therefore the instructions refused, and those given refer to that time.  The plaintiff's daughter ceased to be a minor when she married Getz.  Code, § 2237.  When she was confined she was the wife of Getz, and owed no service to the plaintiff, and he

was not entitled thereto; nor was he under any legal obligation to incur any expense by reason of her confinement and subsequent sickness.

II.   There is not a particle of evidence in this record, in our opinion, which, by the most strained construction, tends to establish a conspiracy or fraud on the part of the defendant in procuring the plaintiff's daughter to marry Getz, and therefore the instruction asked by the defendant in relation thereto should have been given, and the court erred in giving the sixteenth paragraph of the charge.

*2. INSTRUC-TIONS: should be given to avoid prejudice.*

III.   The defendant introduced as a witness one Wilkerson, who gave material evidence for the defendant, but as to one material matter the defendant claimed that he was surprised by the evidence of such witness, and we think he was.   Counsel for the defendant then asked the witness if he did not "tell such counsel, during the term of court, in front of the court-house," differently from what he testified to.   Other questions of the same character were asked.   These questions were objected to on the ground of incompetency, and because the defendant could not impeach his own witness. We do not think a party is bound absolutely by what a witness introduced by him states.   He certainly can show a different state of facts by another witness; and we think he may, if taken by surprise, ask his witness if he has not stated differently to the party or his counsel.   Upon his attention being called to the time and place, he may be able truthfully to correct his evidence; and the weight of authority, we think, is in favor of this rule.   1 Greenl. Ev., § 444; *Bullard v. Pearsall,* 53 N. Y., 230; *Melhuish v. Collier,* 15 Adol. & E. (N. S.), 878.   We do not desire to be understood as holding that a party can impeach his own witness, but only that he may make the requisite inquiries for the purpose of aiding the witness to recollect and testify to the truth.

*3. EXAMINA-TION of wit-nesses: re-freshing rec-ollection: im-peachment.*

There are other errors assigned and discussed by counsel, which are not deemed of sufficient importance to refer to, except as to the statute of limitations, and that question we do not determine.

REVERSED.