GARDNER v. CONNELLY *et al.*

1. **Evidence:** PRACTICE: CONTRADICTION OF ONE'S OWN WITNESS. When a party makes his adversary his own witness, he may not offer evidence tending to assail his reputation for truth and varacity; but he may prove by another witness a different state of facts, and then ask the jury to determine which has told the most reasonable story. (Compare *Humble v. Shoemaker*, 70 Iowa, 223).

2. **Husband and Wife:** OWNERSHIP OF NOTE: EVIDENCE. A wife sought to foreclose a chattel mortgage securing a note. The defendant and intervening creditors of her husband claimed that the note belonged to the husband. Upon consideration of the evidence relating to the question as to whose money bought the note (see opinion), *held* that it was the property of the husband.

*Appeal from Boone District Court.*—Hon. J. L. Stevens, Judge.

Filed, September 8, 1888.

Action to foreclose a chattel mortgage. The defendant answered, and pleaded that the note and mortgage were not the property of the plaintiff, but belonged to F. W. Gardner, her husband ; and pleaded a tender to the latter. Certain creditors of F. W. Gardner intervened, and pleaded that the plaintiff and her husband had conspired to defraud them, and asked that the note and mortgage be decreed to belong to F. W. Gardner, and for general relief. The court found for the defendants, and entered a judgment in accordance therewith. The plaintiff appeals.

*Crooks & Jordan,* for appellant.

*Clayton Harrington* and *E. L. Green,* for appellees.

Seevers, C. J.—The defendants called the plaintiff as a witness, and counsel for the appellant insist

**1. Evidence : practice : contradiction of one's own witness.**

that the defendants cannot impeach or discredit their own witness. To a certain extent this is true. Such a witness cannot be impeached by the introduction of evidence tending to show that her reputation for truth and varacity is not good. Nor is a party bound hand and foot by the evidence of a witness introduced by him. He can show by another witness a different state of facts. *Humble v. Shoemaker,* 70 Iowa, 223. And while he is not permitted to say that either witness is not worthy of credit, he has the right to ask the jury to determine which has told the most reasonable story, and upon the whole evidence determine the matter in controversy.

The plaintiff testifies that she purchased the note of one Rathay with her own money ; that is, she fur-

2. HUSBAND and wife : ownership of note : evidence. nished two hundred dollars and her father the residue. The note in fact was purchased by her husband; that is, he did the business. When the plaintiff was asked how she obtained the money, she stated that she taught school and gave music lessons after her marriage, and thus earned it. Her total earnings, with which she purchased several notes, were two hundred dollars. The notes so purchased amount to about one thousand dollars. Her husband transacted the business for her. He was employed on a salary, and the investments were made at different times. Without referring to the evidence at greater length, we feel satisfied that, taking the evidence of the plaintiff altogether, she has failed to establish that the note in controversy is her property; but, to the extent of the money she claims to have contributed in making the purchase, it belongs to her husband. This being in accord with the finding of the district court, the judgment must be

AFFIRMED.