(63 N. W. Rep. 208.)

---

## INA N. GEORGE *vs.* N. M. TRIPLETT.

Opinion filed May 14th, 1895.

**Discrediting Own Witness—Surprise.**

> When a party calling a witness is surprised by his testimony, which not only fails to prove, but actually disproves, his case, he has a .right to ask the witness whether he has not made a statement to the plaintiff conflicting with his testimony, and which, if true, would tend to prove the plaintiff's case.

**Disproving Testimony of Own Witness.**

> Whether, if the witness denies making such statement, the plaintiff may be allowed to prove the contrary, in the discretion of the court, for the purpose of impeachment, not decided.

Appeal from District Court, Richland County; *Lauder*, J.

Action by Ina N. George against N. M. Triplett for slander. Judgment for defendant, and plaintiff appeals.

Reversed.

*L. B. Everdell* and *Crum & Hanson*, for appellant.

*W. E. Purcell* and *McCumber & Bogart*, for respondent.

CORLISS, J. This action is for slander. On the trial the plaintiff to prove her case, called, as a witness, Dr. Bates. The complaint alleged that the slanderous words were spoken to him. The witness not only failed to testify to the alleged slander, but distinctly denied the speaking by defendant of such words in the

conversation in which it was alleged they were uttered. There-upon plaintiff's counsel asked the witness whether he had not made to plaintiff statements different from his testimony,—whether he had not informed plaintiff, before the trial, that the defendant had spoken to him (the witness) the slanderous words set forth in the complaint. On objection this evidence was excluded. We think it was error. The general rule undoubtedly is that a party cannot impeach his own witness by proving that he has made different statements out of court. This rule, how-ever, is by no means universally accepted and followed. In some jurisdictions a party surprised by the testimony of a witness he calls may, in the discretion of the court, prove by third persons conflicting statements made by the witness, provided he has not merely failed to testify for the party calling him, but has given damaging testimony against him. See *Selover* v. *Bryant*, (Minn.) 56 N. W. 58. We are not called upon, in this case, to decide which of these two rules shall govern trials in this state. Had the witness Bates denied making any conflicting statements, and had the trial court then permitted the plaintiff to prove such statements, a different question would have been presented. Without expressing any opinion on this point, we are clear that plaintiff had a legal right to ask the witness if he had not made inconsistent statements to herself. This may be done when a party is surprised by the evidence of a witness he calls, for the purpose of refreshing the recollections of the witness. Other considerations make it plain that a party should have this right when taken by surprise by the unexpected hostility of his own witness. If the witness is in fact testifying falsely, it may bring him to the truth to probe his conscience, or to call to his mind the danger of punishment for perjury, in view of the fact that he has, by statements out of court inconsistent with his testimony, furnished evidence for his conviction. Moreover, a lawyer of strong personality, burning with indignation at the witness' deceit, may cow and break down a corrupt witness who has told him or his client a different story. Without further elaboration

of this point,—for the ground has been already fully covered by discussion in other opinions,—we hold that, both on sound principle and under high authority, the rule is that in such a case the party calling a witness may ask him whether he had not previously made a particular statement as to material facts inconsistent with his testimony on the trial. *Hurley* v. *State*, (Ohio Sup.) 21 N. E. 645; *Humble* v. *Shoemaker*, 70 Iowa, 223, 30 N. W. 492; *Hildreth* v. *Aldrich*, 15 R. I. 163, 1 Atl. 249; *Bullard* v. *Pearsall*, 53 N. Y. 230; *Melhuish* v. *Collier*, 15 Adol, & E. (N. S.) 878: *State* v. *Sortor*, (Kan. Sup.) 34 Pac. 1037; *Hickory* v. *U. S.*, 151 U. S. 303, 14 Sup. Ct. 334; *Hall* v. *Railway Co.*, (Iowa,) 51 N. W. 150; 1 Whart. Ev. § 549. See 1 Thomp. Tr. § 512; *Cox* v. *Eayres*, 55 Vt. 24; *Hemingway* v. *Garth*, 51 Ala. 530. Had plaintiff been allowed to ask the proposed questions, the witness Bates might have so materially altered his testimony as to establish the speaking of the slanderous words set forth in the complaint. For the error in excluding this evidence the judgment of the District Court is reversed, and a new trial ordered. All concur.