WILLIAN RUDD, v. MAURICE M. DEWEY, Appellant.

**Evidence:** OFFER OF COMPROMISE AND SETTLEMENT. A letter which in effect is nothing more than an offer to compromise and settle threatened litigation, and no part of which amounts to an independent admission of the demand made, is not admissible in evidence: nor is evidence of a previous conversation relating to the subject matter thereof admissible.

**Same:** USE OF EVIDENCE GIVEN ON FORMER TRIAL. A transcript of the evidence given upon a former trial may be read to the jury on a retrial of the cause, for the purpose of establishing admissions of the party, or for impeachment purposes.

**Alienation of affection:** CONVERSATION BETWEEN HUSBAND AND WIFE. In an action for alienation of a wife's affections, conversations between the plaintiff and his wife relating to the subject matter are not prohibited by the statute: especially when had in the presence of defendant.

**Same:** IMPEACHMENT. While a party may not directly impeach his own witness, still he is not bound by everything the witness says, but may show a different state of facts by other witnesses; as where plaintiff, in a retrial of an action for

alienating his wife's affections, offered a transcript of defendant's evidence on the former trial tending to show that plaintiff had consented to the illicit intercourse.

*Appeal from Crawford District Court.*— HON. Z. A. CHURCH, Judge.

THURSDAY, JULY 9, 1908.

REHEARING DENIED MONDAY, OCTOBER 5, 1908.

ACTION by the plaintiff to recover damages for the alienation of his wife's affections. There was a verdict and judgment for the plaintiff, from which the defendant appeals.— *Reversed.*

*Corner & Lally,* for appellant.

*Sdlinger & Korte* and *Shaw, Sims & Kuehnle,* for appellee.

SHERWIN, J.— This is the second appeal in this case; the opinion on the first appeal being reported in 121 Iowa, 454. The plaintiff and his wife were employed by the defendant to work on his farm, and they lived there. The plaintiff alleged that soon after he moved onto the farm he discovered that his wife and the defendant were unduly intimate, and that, upon making such discovery, he left the defendant's service, and moved from the farm. At that time he charged the defendant with the seduction of his wife, and demanded the payment of $300 as damages therefor, and threatened a suit against the defendant if the sum was not paid. The claim was discussed by the parties, and it was finally agreed that the defendant might have a few days to consider the matter. Soon thereafter the defendant wrote the plaintiff a letter, in which he referred to the plaintiff's

1. EVIDENCE: offer of compromise and settlement.

claim against him, and said that he had thought it over and had concluded that he should be paid. He gave as his reasons for the conclusion that litigation would be expensive and annoying, and said, in substance, that he would rather settle the matter than to go into court with it. This letter and the previous conversation as to the subject-matter thereof were admitted in evidence over timely and proper objections by the defendant, and in this ruling we think there was prejudicial error. The letter as a whole does not contain an admission of fact which authorized its reception in whole or in part. Nothing is therein said which can be separated from the offer of compromise so as to make it an independent admission; it containing nothing more than an offer of compromise, which is inadmissible under all of the authorities. The letter itself being incompetent, the testimony as to the conversation preceding it was also incompetent and should have been excluded.

We think there is no merit in the appellant's contention that the defendant's evidence given on the former trial could not be read to the jury because of his presence at the instant trial. The transcript of the notes taken at a former trial may be used to show admissions or for impeachment purposes. Code Supp. 1907, 245a.

2. SAME: use of evidence given on former trial.

There was no error in receiving testimony of the plaintiff as to his conversation with his wife. It was not such a conversation as is prohibited by section 4607 of the Code, and, furthermore, as we understand the record, it occurred in the presence of the defendant. *Wright v. Wright,* 114 Iowa, 748; *Sexton v. Sexton,* 129 Iowa, 487.

3. ALIENATION OF AFFECTION: conversations between husband and wife.

The transcript of the defendant's testimony at the former trial was offered by the plaintiff and received, and it appeared therefrom that prior to the time of the alleged illicit relations between the defendant and the plaintiff's wife the plaintiff consented

4. SAME: impeachment.

thereto. Based upon those facts, the defendant asked an instruction to the effect that the plaintiff was bound by such testimony, and could not recover. The instruction was rightly refused. While it is the rule that a party may not directly impeach his own witness, it is also well settled that he is not bound by everything that a witness says, but may show by other witnesses a different state of facts. *Gardner v. Connelly,* 75 Iowa, 205, *Larkin v. Railway,* 91 Iowa, 659. The same is true as to instruction 6 asked by the defendant.

Other alleged errors are argued by the appellant, but nothing further which requires discussion for the purposes of another trial.

For the errors pointed out, the judgment must be, and it is *reversed.*