FIRST NATIONAL BANK OF FOREST CITY, Appellee, v. S. X.
WAY and THOS. A. WAY, A. A. COOPER, Intervener,
Appellant.

CENTURY SAVINGS BANK, Appellee, v. WAY BROS. & COMPANY,
A. A. COOPER, Intervener, Appellant.

B. A. PLUMMER, Appellee, v. THOS. A. WAY, et al., A. A.
COOPER, Intervener, Appellant.

**Evidence:** MAILING OF LETTER: PRESUMPTION. The depositing of a letter
1   properly stamped and addressed with the postoffice department raises
a rebuttable presumption that the same was received in due course of
mail by the party to whom addressed.

**Evidence:** CONTRADICTION OF WITNESS. It is competent for a party to
2   contradict the testimony of his own witness by proof of facts rele-
vant to the issue.

**Same:** ADMISSIONS: HEARSAY. Where corporate stock was attached,
3   but an intervener claimed a lien thereon, and sought to show by an
officer of the corporation that he had received notice of the assign-
ment of the stock to the intervener as collateral security, which the
officer denied receiving, contrary admissions of such officer were
incompetent as hearsay; as neither the officer nor the corporation
had any interest in the suit.

*Appeal from Cerro Gordo District Court.*—HON. J. J. CLARK,
Judge.

TUESDAY, NOVEMBER 24, 1914.

ACTION at law aided by attachment under which levy
was made on certain certificates of telephone stock owned by
one of the defendants. The claim of the intervener to prior

rights in the stock represented by the certificates, based upon an assignment of them as collateral security, was dismissed, and intervener appeal.—*Affirmed.*

*John R. Waller,* for appellant.

*Senneff, Bliss & Witwer* and *Blythe, Markley, Rule & Smith,* for appellees.

WITHROW, J.—I. The intervener in this action, A. A. Cooper, who is the appellant, is a creditor of S. X. Way, and as collateral security for the debt had taken the assignment of certain certificates of stock owned by the debtor in the Western Electric Telephone System. In a proceeding by attachment brought by the plaintiff after the assignment, against S. X. Way and Thos. A. Way, levy was made on the stock certificates issued by S. X. Way, and this action is to determine the priority of rights of the parties in the telephone stock. In a trial to the court judgment was entered against the intervener, and he appeals.

II. Code, section 1626, relating to the transfers of shares of stock in a corporation, provides:

When any shares of stock shall be transferred to any person, firm or corporation as collateral security, such person, firm or corporation may notify in writing the secretary of the corporation whose stock is transferred, . . . and from the time of such notice . . . said stock so transferred . . . shall be considered in law as transferred on the books of the corporation which issued said stock, without any actual transfer on the books of such corporation of such stock.

On this appeal the ultimate question presented is whether there was proof that a notice in writing of assignment of the stock as collateral security was given to B. C. Way, secretary of the company, prior to the levy of the attachment at the instance of the appellee.

The proof was sufficient to establish the fact that a notice in writing informing the corporation and its secretary of the transfer was duly mailed January 3, 1906, addressed to the Western Electric Telephone Company and B. C. Way, secretary, and that the postage on the letter was paid. From this proof there arose the rebuttable presumption that the letter was received by the person to whom it was addressed. *Watson v. Richardson*, 110 Iowa, 673; *Pennypacker v. Ins. Co.*, 80 Iowa, 56.

1. EVIDENCE: mailing of letter: presumption.

On the trial of the case in the lower court, upon the statement of counsel for intervener that before a copy of the notice would be admissible he perhaps should show that the original was not in their possession, and upon statement of counsel for plaintiff that B. C. Way was present, he was called as a witness by the intervener, and was asked if he had in his possession or had he received the letter or notice claimed to have been sent, to which he answered that he had not the original, and had never received it. After the answer, counsel for intervener stated in the record that the only purpose in calling B. C. Way as a witness was to ascertain whether the original notice or letter was in the possession of the telephone company or said Way, but no further record on that point was made. Following this, John R. Waller testified on the part of intervener that he had a conversation with B. C. Way in 1912, in which the latter stated that he received notice of the transfer, but through error had not entered it on the certificate stub. This evidence was objected to as hearsay, and for the time the objection was overruled.

By A. C. Waller, a witness called on the part of the intervener, it was sought to prove two conversations with B. C. Way, in which the latter admitted that he had received the letter informing him as secretary of the transfer of the stock. Objection was made and sustained on the ground that the offered testimony was hearsay.

In the cross-examination of B. C. Way, when called as a witness on the part of the plaintiff, he was asked by counsel

for intervener if he had not stated to A. C. Waller that he had received the written notice. This was objected to as incompetent, immaterial and not cross-examination, and not binding on the plaintiff, and the objection was sustained. This sufficiently presents the record so far as it bears upon the question raised by this appeal.

III. The trial court held in effect that the evidence was sufficient to show the actual transfer of the stock by S. X. Way to the appellant, and also the mailing to B. C. Way, secretary, of the letter and notice of such transfer. But it further held that the evidence was insufficient to show that the notice was actually received by B. C. Way, secretary, "but on the contrary the intervener had proved by him that it was not received; and . . . it seems to me there is failure of proof, and in fact proof sufficient to defeat the claim of the intervener, showing that no written notice was ever given as required by law," and the petition of intervener was dismissed.

In argument counsel for appellee insists that the offer of the rejected testimony was an attempt to impeach B. C. Way by showing his admissions that he had received the notice as secretary, in the face of his answer, when called as intervener's witness, that he had not received it; and that having called him as a witness the intervener could not do so. The cases generally recognize the distinction between a direct attempt to impeach one's witness by showing that his reputation for truth and veracity is bad, and proof by other witnesses of facts which are relevant to the issue but in contradiction of the testimony of the witness. *Humble v. Shoemaker*, 70 Iowa, 223; *Gardner v. Connelly*, 75 Iowa, 205; *Rudd v. Dewey*, 139 Iowa, 528.

2. EVIDENCE: contradiction of witness.

The fact of the receipt by the secretary of the notice of the transfer was properly held by the trial court to be controlling. If it was proper to prove it by the declarations of the secretary made at some time after the sending of the

notice in a proceeding in which the telephone company or the secretary were not parties, the offered evidence of a substantive fact, even though in contradiction of the testimony of the secretary, would not, under the authorities cited, be held as an attempt to impeach the witness.

IV. This leads us to the final question: Could the declaration or admission of Way made when secretary of the company be used in this action as proof tending to show the receipt of the notice? Were this an action in which the telephone company appeared as a party, the declarations of Way as its secretary, made in the course of duty, would be binding upon it. *Wilson Sewing Machine Co. v. Sloan*, 50 Iowa, 367; 16 Cyc. 1093. In the present case the secretary was not a party, nor was the company of which he was an officer. He was not in privity with either the plaintiff or the intervener in their claims of right, nor had he any legal interest in the result of the suit. While the testimony of the secretary as to the fact of not receiving the notice was competent, his declaration upon that question was hearsay evidence, and properly subject to the objection which was made against it. Had there been no other proof offered by the intervener than that which created the presumption that the letter had been received by the person to whom it was addressed, and had the secretary then testified for the plaintiff that he had not received it, an issue of fact would have then arisen to be determined in the light of all the facts and circumstances in the case. This was not the record. The presumption which the law creates was rebutted by a witness called by the intervener, whose testimony negatived that which the law created as an inference of fact from proof of other facts, and in holding that there was a failure of proof as to the receipt of the. letter by the secretary the trial court was right.—*Affirmed.*

3. Same: admissions: hearsay.

Ladd, C. J., and Deemer and Gaynor, JJ., concurring.