EDWIN O. ACKER, Respondent, v. ALEX JARDINE and C. T. Yirchotte, Co-partners, Doing Business Under the Firm Name and Style of Jardine Bridge Company, Appellants.

(226 N. W. 483.)

Opinion filed May 3, 1929.   Rehearing denied August 13, 1929.

*Conmy, Young & Burnett,* for appellants.
*I. A. Acker* and *Lovell & Horner,* for respondent.

BIRDZELL, J. On Sunday, September 18, 1927, the plaintiff, Edwin O. Acker, drove, in his Ford Tudor sedan, from Minot to his home in Hillsboro via Grand Forks. He left Grand Forks about 8:30 P. M. and at about 9:30 P. M., while driving south on highway No. 81, he approached a place on the highway, about one mile north of Reynolds, where a bridge had been removed and preparations were being made for its replacement. Barricades had been placed on either side of the approach to warn drivers of the danger, but Acker did not see the barricade in sufficient time to stop, and, to avoid colliding with it or plunging into the abrupt depression, he turned sharply to one side and into a ditch which ran parallel with the road, where his car was upset and he received personal injuries. He brings this action against the members of the partnership who were engaged in replacing the bridge to recover the damages sustained. Upon the trial a verdict was rendered in favor of the plaintiff for $1500 and from the judgment entered thereon the defendants have appealed.

Error is assigned upon the action of the trial court in permitting the plaintiff to examine the witness Nydahl as if under cross-examination under the statute (Comp. Laws 1913, § 7870). The record shows that Nydahl was twice called for cross-examination under the statute and permitted to testify over objection by the defendants to the effect that he was not an adverse party within the statute nor a person for whose immediate benefit the action was defended. The witness had previously been identified by one of the employers as the foreman in charge of the work. He testified that he removed the bridge and put up barricades, putting one a mile north of the job, but that later and before the happening of the accident in question the state highway department had put up barricades in front of the place where the work was being done that remained there without change until the work was done; that he placed lanterns on the barricades and had them there all of the time; that they were there on the evening of September 18th; that he lighted them every night; that the lantern on the north side was attached to the barricade and on the south side it was placed on the gravel pile; and that the state highway department had fixed a detour. This witness was later called for examination by the defendant and testified to substantially the same things.

This action is not against a corporation; hence, the witness cannot

be considered as superintendent or managing agent of a corporation within the statute. He is not a party to the record, nor is he a person for whose immediate benefit the action is defended; hence, he is not such a person as could be called for cross-examination under the statute. However, he testified to nothing that was inconsistent with the defense sought to be established. His testimony could not be considered as prejudicial to the defendants. If any prejudice resulted, it was due to the fact that the plaintiff was permitted to introduce other evidence which tended to show that the facts were otherwise than as shown by the testimony of this witness. No attempt was made during the trial to hold the plaintiff concluded by the testimony of Nydahl and even had such attempt been made the plaintiff should have been permitted to offer other inconsistent testimony showing the condition of the barricades, their location and whether or not the lanterns were lighted at the time of the accident. The rule that one may not impeach his own witness does not imply that the party is bound to accept as correct his version of the facts. Dubs v. Northern P. R. Co. 51 N. D. 113, 199 N. W. 191; Jones, Ev. Civil Cases, 3d ed. § 857; 6 Jones, Ev. 2d ed. § 2432. Our conclusion is that the error in permitting the witness Nydahl to be called for cross-examination under the statute was not prejudicial.

It is next urged that error was committed in admitting evidence to show that on nights subsequent to the date of the injury there was no light burning on the barricade; also, to the effect that the regular state highway department barricade was not in front of the excavation on these occasions. The record shows that the defendants' objections to questions asked of plaintiff's witnesses early in the trial with reference to the presence or absence of lights at times other than the evening of the accident were sustained; also, that later the defendant Jardine was called for cross-examination under the statute and testified that several times he had seen the barricade at the place where the accident happened; that it was changed during the progress of the work; that their man first put up a barricade at the section corner and a day or two later the state came down (evidently meaning representatives of the highway department) and put some barricades one hundred feet from the bridge on each side and that so far as he knew these barricades were there on the 18th of September. He couldn't tell whether they

were there on the 11th of October and didn't know whether they were changed after the 1st of October. Thereafter, Nydahl was called and testified that the barricades placed by the state highway department were there on September 18th; that the same barricades were there all the time he was working on the job; that it required about three weeks to finish the job. He didn't remember whether it had been finished by the 11th of October. The only objection to Nydahl's testimony was the objection to his being called for cross-examination under the statute. The record further shows that following this, in cross-examining the plaintiff's witness Johnson, who had testified on direct examination with reference to the condition of the barricade on the 11th of October and who had not testified concerning the presence or absence of lights, he was asked by the defendants' attorney whether there was a light on the barricade. He answered in the negative. And then a foundation was laid for impeaching him by inquiring whether or not he had told one of the defendants that there was a light on the barricade. He denied having so told him. The defendants, having permitted inquiry without objection concerning the condition of the barricades during a period both before and after the happening of the accident and having themselves opened the question as to the presence or absence of lights at a period as remote as October 11th, cannot well complain of the scope of the inquiry concerning these matters. The prejudicial effect of the evidence concerning the lights on other occasions is minimized by the fact that the trial court limited the evidence concerning them to its effect upon the credibility of the witnesses. We do not, of course, mean by this to indicate that evidence upon collateral issues is admissible to affect the credibility of witnesses. See Schnase v. Goetz, 18 N. D. 594, 120 N. W. 553. The record here fails to show any prejudicial error in the reception of the evidence complained of.

The defendants complain of the charge given by the court to the jury. The charge is said to have been confusing and misleading and error is predicated upon the refusal of the court to give the instructions requested by the defendants. Reference is made to that part of the charge in which the court told the jury that persons working upon or repairing a public highway must have in mind that the highway is traveled by the general public and that when the work involved taking out a part of the highway "the parties doing such work must safe-

guard it at night, and in the daytime, by proper markings, by the use of lights, barricades or other matters, such as will warn the traveling public in time, of the danger ahead." It is said that this puts too great a burden upon the defendants and that the court should have given the requested instruction to the effect that it was the duty of the defendants to exercise reasonable care to notify the traveling public of the fact that the bridge had been taken out and that if the jury should find that they did exercise reasonable care in this respect their verdict must be for the defendants. The remainder of the charge calls attention to the right of public authorities to improve, change or order changes upon highways. It reiterates the duty to provide proper signals or warnings for the benefit of persons approaching the danger point in motor vehicles; and it further charges if the defendants had by suitable barricades, by lanterns or other signals, or all kinds together, properly provided for warning the public, they would not be liable, and that they would not be liable if proper warning signals had been left in that condition for the night and thereafter without the fault of the defendants had been removed by others without their knowledge.

The charge as a whole was sufficient to convey to the jury the rule that the defendants could not be held liable unless they failed to exercise reasonable care to notify the traveling public of the fact that the bridge had been taken out. The defendants are not prejudiced by the mention in the instructions of the specific instrumentalities that are generally employed to warn the public of approaching danger. A careful examination of the charge leads us to conclude that it was a fair statement of the issues and of the controlling principles of law. The record shows that issues of fact supported by competent testimony on both sides have been resolved against the defendants and that a fair trial has been had. Finding no prejudicial error, the judgment appealed from is affirmed.

BURKE, Ch. J., and CHRISTIANSON, NUESSLE, and BURR, JJ., concur.