[File No. 6068.]

DAVID HARNDEN, Appellant and Respondent, v. TONY MISCHEL, Respondent and Appellant.

(246 N. W. 646.)

Opinion filed January 27, 1933.

*C. H. Starke,* for appellant-respondent.

· *Murtha & Murtha* and *Simpson, Mackoff & Kellogg,* for respondent-appellant.

NUESSLE, Ch. J. This is an action in claim and delivery. The

plaintiff claiming to be the owner and entitled to the possession thereof seeks to recover from the defendant one green six cylinder Durant sedan, one green four cylinder Durant sedan, and one red secondhand six cylinder Durant sedan. The answer is a general denial of the allegations of the complaint. The case was tried to a jury. The jury found that the plaintiff was the owner and entitled to the possession of the six cylinder sedan and the red secondhand sedan and that the defendant was the owner and entitled to the possession of the four cylinder sedan. Thereafter plaintiff moved for judgment notwithstanding the verdict. The defendant also moved for judgment notwithstanding the verdict or for a new trial. Both motions were denied. Judgment was entered on the verdict and both plaintiff and defendant appeal.

The record tends to establish the following facts: The plaintiff Harnden is a mail carrier. He had some money to invest. He bought conditional sales automobile contracts from one McKenzie who had the agency for Durant cars at Dickinson. In December, 1930, McKenzie gave up this agency. Thereupon the plaintiff and defendant Mischel entered into an arrangement whereby the defendant was to obtain the Durant agency for Dickinson and plaintiff was to "finance" defendant in the enterprise. The agreement between the parties was not in writing. Apparently it was exceedingly uncertain and indefinite. Its terms must be ascertained from the testimony of the parties as offered on the trial with respect to the agreement itself and with respect to the manner in which the business was transacted during the time that the arrangement continued in effect. E. N. Hedahl of Bismarck was the Durant distributor for the district including Dickinson. He came to Dickinson while the plaintiff and the defendant were perfecting their arrangement. In order to secure the Durant agency it was necessary that one car be purchased and paid for immediately and a certain amount of repairs be bought. Mischel had no money, so plaintiff wrote a check payable to Hedahl to cover the purchase price of the initial car, the six cylinder sedan here involved, and $180 worth of repairs and parts. He gave this check to the defendant who went to Bismarck, procured the sedan and parts, and put the sedan on the floor of the garage which he had rented. The sedan remained there until the initiation of this action. In the meantime other cars were obtained.

One of these cars was sold by Mischel to one Delaney. Delaney traded in the secondhand red sedan involved in this action, agreed to pay the remainder of the purchase price in instalments and entered into a written contract to that effect. In this contract plaintiff Harnden was named as the vendor and Delaney contracted to make the deferred payments to him. Thereafter the red sedan was sold to one Billson. He made an initial payment and entered into a conditional sales contract to pay the remainder. In this contract also plaintiff Harnden was named as the vendor and the payments were to be made to him. Billson failed to pay as required and the plaintiff directed the defendant to repossess the car, which the defendant did. The car was taken to the garage, some repairs were made on it, and thereafter it remained in defendant's possession until this action was brought. Apparently the defendant had little capital, so plaintiff advanced money to pay garage rent and several other items which were personal to the defendant. In March, 1931, the defendant represented that he had a sale for a four cylinder sedan. So plaintiff wrote a check payable to the defendant for $686, somewhat more than the purchase price of the sedan. Defendant deposited this check in his account in the bank. He also borrowed $800 from his mother-in-law, which was likewise deposited in this account. Out of the moneys thus deposited, defendant paid for the four cylinder sedan, drove it back to Dickinson from Bismarck and put it on the floor of the garage where it was at the time this action was commenced. When the case was submitted to the jury the court instructed that in order to enable the plaintiff to recover he must establish by a preponderance of the evidence that under the arrangement as made between him and the defendant he became the owner and entitled to the possession of the automobiles and that if he did not so establish the defendant was entitled to a verdict.

The agreement as between the plaintiff and defendant was very uncertain and indefinite. Both were called as witnesses in support of their respective contentions. Plaintiff claimed that under the arrangement he was to be the owner of the cars and the defendant was merely to act as his agent in selling the same. On the other hand, defendant contended that the plaintiff loaned and he borrowed the money represented by the checks; that the plaintiff was to advance moneys to him as required to carry on the business and that when sales were made the

contracts or other proceeds thereof were to be turned over to the plaintiff and credited on his loan. Further, that the defendant was to assist the plaintiff in the collection of outstanding contracts which he had procured from McKenzie while the latter had the Durant agency at Dickinson. The testimony of both these witnesses tended to sustain their respective contentions, but was evasive and uncertain. Considering the whole record, however, we cannot say that the evidence is not sufficient to sustain the findings of the jury that the plaintiff was the owner of and entitled to the possession of the six cylinder green sedan and the red sedan and that the defendant was the owner of and entitled to the possession of the four cylinder sedan. Accordingly, there was no error in denying the motions for judgment notwithstanding the verdict. The plaintiff's sole contention is that the evidence was insufficient to sustain the jury's finding that the defendant was the owner and entitled to the possession of the four cylinder sedan. So, in view of our holding to the contrary, we need no longer consider his appeal.

The defendant contends that though the evidence is sufficient to sustain the finding that the plaintiff was the owner and entitled to the possession of the six cylinder sedan and the red secondhand sedan, nevertheless the trial court erred in denying his motion for a new trial. He predicated this motion on many errors which he specified as having occurred during the course of the trial in rulings of the court on questions of evidence. We have examined his assignments of error and are of the opinion that the trial court's ruling in denying the motion for a new trial was correct.

While many errors are assigned there are but few that need receive special consideration. Defendant complains because when he was on the stand for cross-examination as an adverse witness, counsel inquired of him as to the value of the cars. Defendant objected on the ground that these inquiries required him to answer as an expert and therefore constituted improper cross-examination of an adverse witness. The objection was overruled and the defendant insists that this ruling was erroneous. We are of the opinion that it was not. Defendant claimed the right to the possession of the cars. He was in the automobile business. He knew the value of cars and he knew the cars in question. He was no different from any other witness who had particular knowledge concerning them. There were no hypothetical questions. See Sax

Motor Co. v. Belfield Farmers Union Elevator Co. 62 N. D. 727, 245 N. W. 488. But, in any event, no prejudice could have resulted from this examination even though the objection were valid. The question was as to the right of possession of the cars. Their value did not touch this question at all and we cannot see how any prejudice could have resulted from the answers of the defendant in view of the fact that the cars were then in the possession of the plaintiff by virtue of the claim and delivery action.

Defendant further complains because while he was on the stand his counsel inquired of him as to whether he had made any repayment to the plaintiff of money received for purchasing the automobiles. This question was objected to on the ground that the action was not one of accounting and that as to whether there was any money due plaintiff was immaterial. The objection was sustained. The defendant predicates error on the ruling. The issue was as to the right of immediate possession of the automobiles. The inquiry as made did not at all touch this issue. It is true that thereafter the defendant made an offer of proof. But the ruling of which he complains was not made in the light of this offer and he failed to follow the offer up with questions tending to elicit testimony sustaining it. Under the circumstances the ruling did not constitute reversible error.

Many other assignments of error were urged in support of the motion for a new trial, but we think them devoid of merit and so do not separately consider them here.

The judgment and order are affirmed.

BURKE, BURR, CHRISTIANSON and BIRDZELL, JJ., concur.