EDMUND DUBS, an Infant, by Rudolf Dubs, His Guardian ad Litem, Appellant, v. NORTHERN PACIFIC RAILWAY COMPANY, a Corporation, Respondent.

(171 N. W. 888.)

**Appeal and error — when judgment non obstante veredicto should be granted.**

1. Upon an appeal from an order of the district court granting judgment *non obstante veredicto,* it must appear clearly from the whole record, as a matter of law, that the defendant was entitled to judgment on the merits.

**Appeal and error — contributory negligence — wilful negligence.**

2. Where a boy, nine years of age, a trespasser on railway tracks, and guilty of contributory negligence in being thereon, was in a position of peril, while lying on such railway tracks, it is wilful negligence to fail to exercise ordinary care to avoid injury to him after discovering him to be in such position.

**Appeal and error — duty to exercise ordinary care.**

3. *Held,* under the evidence, that the jury were justified in finding that the engineer of the defendant did see the boy in a place of peril and did fail to exercise ordinary care to avoid injury to him, after discovering his position.

Opinion filed February 26, 1919. Rehearing denied April 10, 1919.

Action for personal injuries.

Appeal from order granting judgment *non obstante,* District Court, Grant County, *Hanley,* J.

---

NOTE.—Authorities passing on the question of duty of railroad company after discovery of child in danger on track are collated in a note in 32 L.R.A.(N.S.) 569.

Reversed and remanded for further proceedings. ·

*Jacobson & Murray,* for appellant.

"A verdict can be vacated or new trial granted only upon statutory grounds." Comp. Laws 1913, § 7660.

"The supreme court cannot go outside the specifications to find out whether or not the verdict can stand on other points not specified." Erickson v. Wiper, 33 N. D. 193; Buchanan v. Occident Elev. Co. 33 N. D. 346; Pathman v. Williams, 32 N. D. 365; Morris v. Minneapolis, St. P. & S. Ste. M. R. Co. 32 N. D. 366; McLain v. Nurnberg, 16 N. D. 145; Howie v. Bratrud (S. D.) 86 N. W. 747; Kolka v. Jones (N. D.) 71 N. W. 558.

"The fact that the defendant did not see the plaintiff does not absolve it from the liability imposed by the "last clear chance doctrine." They must. go one step further and show that they exercised ordinary care, and by the exercise of such ordinary care they did not see him." Davis v. Saginaw-Bay City R. Co. (Mich.) 157 N. W. 390; Palon v. G. N. R. Co. (Minn.) 151 N. W. 894, 160 N. W. 670; Nichols v. C. B. & Q. R. Co. (Colo.) 98 Pac. 808; 8 Thomp. Neg. p. 48, § 238; Neary v. Northern P. R. Co. (Mont.) 97 Pac. 944; Cahill v. C. M. & St. P. R. Co. (Iowa) 121 N. W. 553; Purcell v. C. & N. W. R. Co. (Iowa) 91 N. W. 933; Christiansen v. Illinois C. R. Co. (Iowa) 118 N. W. 387; Johnson v. C. M. & St. P. R. Co. (Iowa) 98 N. W. 312; Tennessee C. R. Co. v. Cook, 146 Ky. 372, 142 S. W. 683; Becker v. L. & N. R. Co. 110 Ky. 474, 53 L.R.A. 267, 96 Am. St. Rep. 459, 61 S. W. 997; Nehring v. Connecticut Co. 86 Conn. 109, 45 L.R.A.(N.S.) 896, 84 Atl. 301.

"The fact that the engineer says that he did not see the boy until he was within 40 feet of him is not binding on the jury, but must be weighed in the light of the physical facts." Cahill v. Chicago, M. & St. P. R. Co. 121 N. W. 553; Purcell v. C. & N. W. R. Co. (Iowa) 91 N. W. 933; Christiansen v. Illinois C. R. Co. (Iowa) 118 N. W. 387; Johnson v. C. M. & St. P. R. Co. 98 N. W. 312; 8 Thomp. Neg. § 239, p. 48, note 4, and cases cited; Anderson v. G. N. R. Co. (Idaho) 99 Pac. 91, 24 N. D. 463, 16 N. D. 217.

"The defendants knew that the children played upon the tracks at that point. This imposed upon them a greater duty of lookout than on other points of the line." Trojanowski v. C. & N. W. R. Co. (Wis.)

157 N. W. 536; Krumack v. Missouri P. R. Co. (Neb.) 154 N. W. 541; Kunkel v. Minneapolis St. P. & S. Ste. M. R. Co. 18 N. D. 367, 131 Pac. 656; Lewis v. Rio Grande Western R. Co. (Utah) 123 Pac. 97; Anderson v. G. N. R. Co. 99 Pac. 91.

"The fact that the defendant might be entitled to a directed verdict is not sufficient grounds for granting that motion." First State Bank v. Kelly, 30 N. D. 84; Beleal v. N. P. R. Co. 15 N. D. 318; Meehan v. G. N. R. Co. 13 N. D. 432.

*Watson, Young, & Conmy,* for respondent.

"Persons who use railroad tracks in rural communities are not licensees merely because the railroad company does nothing to keep them off." Helton v. Chesapeake & O. R. Co. 163 S. W. 224; Miller v. Illinois C. R. Co. 118 S. W. 348; Chesapeake O. & R. Co. v. Farrow, 55 S. E. 570; Chesapeake & O. R. Co. v. Nipp (Ky.) 100 S. W. 246; Beiser v. R. Co. 92 S. W. 928; Krenzer v. R. Co. (Ind.) 43 N. E. 648; L. & N. Ry. Co. v. Mitchell (Ala.) 32 So. 735; Burg v. C. R. I. & P. R. Co. (Iowa) 57 N. W. 680; McCoy v. R. Co. 192 S. W. 45; McKnight v. L. & N. R. Co. 181 S. W. 947; Malott v. R. Co. 160 Pac. 978; Schreiner v. G. N. R. Co. (Minn.) 90 N. W. 400; Hamlin v. C. P. & S. R. Co. 79 Pac. 991; Southern R. Co. v. Sanders (Ky.) 79; Petur v. Erie R. Co. 136 N. Y. Supp. 79; Southern R. Co. v. Stewart, 51 So. 324; Illinois C. R. Co. v. Johnson, 115 S. W. 798; Curties v. So. R. (Ga.) 61 S. E. 539; Egan v. R. Co. (Mont.) 63 Pac. 831; Dotta v. N. P. R. Co. (Wash.) 79 Pac. 32; Riordan v. New York C. R. Co. 87 N. Y. Supp. 364; St. Louis R. Co. v. Shiflet (Tex.) 83 S. W. 677; Leduc v. R. Co. 87 N. Y. Supp. 364; Watson v. C. & O. R. Co. 185 S. W. 852; Willis v. L. & N. R. Co. 175 S. W. 18; L. & N. R. Co. v. Davis (Ky.) 172 S. W. 966; Cannon v. Cleveland R. Co. (Ind.) 62 N. E. 8; Piper v. C. M. & St. P. R. Co. (Minn.) 133 N. W. 984; Anderson v. R. Co. (Wis.) 58 N. W. 79; L. & N. R. Co. v. Petren, 180 S. W. 370.

"One who sits down upon a railroad track and goes to sleep is a trespasser, though at a point where persons are accustomed to cross." Southern R. Co. v. Smith, 50 So. 391; Lyons v. Illinois C. R. Co. 59 S. W. 507; M. K. & T. Ry. Co. v. Malone, 102 Tex. 269, 115 S. W. 1158; Massey v. International & G. N. R. Co. 162 S. W. 372; Krenzer v. R. Co. (Ind.) 43 N. E. 648; Missouri K. & T. R. Co. v. Malone, 115 S. W.

1158; Wagner v. C. & N. W. (Iowa) 98 N. W. 141; Over v. R. Co. (Tex.) 73 S. W. 535.

"If the deceased was a trespasser on its tracks or right of way the defendant owed him no duty except not to wilfully, wantonly, or recklessly injure him, and there is no allegation or proof of such wilful or reckless injury." Kunkle v. Soo (N. D.) 121 N. W. 832; Wright v. R. Co. 12 N. D. 159, 96 N. W. 324.

And this rule of law is followed by practically every court in the land. Lapp v. L. H. & S. R. Co. (Ky.) 199 S. W. 798; McCarthy v. N. Y. R. Co. 240 Fed. 602; Gregory v. R. Co. (Iowa) 101 N. W. 761; Ellington v. R. Co.( Minn.) 104 N. W. 827; Thomas v. R. Co. (Iowa) 72 N. W. 783; Ward v. So. P. R. Co. (Ariz.) 26 Pac. 166; Thompson v. Illinois C. R. Co. 154 Ky. 820; Kayden v. A. T. & S. F. R. Co. (Kan.) 124 Pac. 165; Reynolds v. Cincinnati R. Co. 148 Ky. 252; Hammers v. Colorado Southern R. Co. 128 La. 648; St. Louis R. Co. v. Humbert, 101 Ark. 532; Atlantic Coast Line R. Co. v. Barton (Ga.) 80 S. E. 530; Massy v. R. Co. (Tex.) 162 S. W. 371; R. Co. v. Bolton (Ind. Terr.) 51 S. W. 1085; Egan v. R. Co. (Mont.) 63 Pac. 831; Kansas R. Co. v. Cook, 66 Fed. 115; Illinois C. R. Co. v. Murphy, 97 S. W. 729; Kenmare v. R. Co. 114 Ill. App. 230; Sheenan v. R. Co. 76 Fed. 201; De Vries v. Chicago R. I. & P. R. Co. 167 Ill. App. 331; Holmes v. R. Co. (Mich.) 137 N. W. 540; Yazoo R. Co. v. Smith (Miss.) 71 So. 752; C. & Q. Ry. Co. v. Stephen (Ky.) 182 S. W. 938; Joy v. C. B. & Q. R. Co. (Ill.) 105 N. E. 330; Baltimore & O. R. Co. v. Stale (Md.) 87 Atl. 676; Khinovcik v. Boston & M. R. Co. (Mass.) 96 N. E. 52; Erie R. Co. v. McCormack (Ohio) 68 N. E. 571; Dotta v. N. P. (Wash.) 79 Pac. 32; Brooks v. R. Co. (Ind.) 62 N. E. 694; Young v. R. Co. (N. J.) 37 Atl. 1013; Ry. Co. v Rocks (Va.) 44 S. E. 709; Raines v. C. & O. R. Co. (W. Va.) 19 S. E. 565; Remer v. Long Island R. Co. 48 Hun, 352; Farrow v. Chesapeake & O. R. Co. (Va.) 55 S. E. 569; Bartlett v. R. Co. 77 N. E. 96.

Generally as to the duty owed toward trespassing children upon railroad tracks. McCarthy v. New Haven R. Co. 240 Fed. 606; Crawford v. R. Co. (Ga.) 33 S. E. 826; Thomas v. R. Co. (Iowa) 72 N. W. 783; Western & A. R. Co. v. Rodgers, 30 S. E. 804; Alabama G. S. R. Co. v. Moorer, 22 So. 900; Dull v. R. Co. (Ind.) 52 N. W. 1013; Wagner v. R. Co. (Iowa) 100 N. W. 332; A. T. & S. F. R. Co. v. Todd (Kan.)

38 Pac. 804; Felton v. Aubrey, 74 Fed. 350; Ellington v. G. N. R. Co. (Minn.) 104 N. W. 827; O'Barmion v. So. R. Co. (Ky.) 110 S. W. 329; Palmer v. R. Co. (Utah) 98 Pac. 689; C. & O. R. Co. v. Price (Ky.) 200 S. W. 927; Norfolk R. Co. v. Dunaway (Va.) 24 S. E. 698; Tuker v. R. Co. (W. Va.) 24 S. E. 229; Murch v. R. Co. (N. Y.) 29 N. Y. Supp. 490; R. Co. v. Williams (Miss.) 12 So. 957; R. Co. v. Prewith (Kan.) 54 Pac. 1067; R. Co. v. Kelley, 93 Fed. 745; Goodman v. R. Co. 77 S. W. 174.

"Even in a case of a licensee there can be no recovery unless negligence amounting to wantonness is shown." Illinois C. R. Co. v. Arnola (Miss.) 29 So. 768; Scharf v. Spokane R. Co. (Wash.) 159 Pac. 797; Railroads Decennial Digest No. 358; Rosenthal v. R. Co. 98 N. Y. Supp. 476; Carr v. Missouri P. R. Co. 92 S. E. 874; Feech v. Delaware & H. R. Co. 158 N. Y. Supp. 825; Laporta v. New York C. R. Co. (Mass.) 112 N. E. 643; Long v. P. R. Co. & Nav. Co. 145 Pac. 1068; Pittsburg R. Co. v. Forest (Ind.) 99 N. E. 493; Adams v. L. & E. R. Co. 104 S. W. 363; L. & N. R. Co. v. Lawson, 170 S. W. 198; C. & O. R. Co. v. Sanders (Va.) 83 S. E. 374; Burg v. C. R. I. & P. R. Co. (Iowa) 57 N. W. 680.

BRONSON, J. On July 5, 1912, Edmund Dubs, then nine years of age, was run over and seriously maimed, through the loss of an arm and leg, by the train of the defendant near New Leipzig. Through his guardian *ad litem,* the appellant, this action is maintained for injuries so sustained. In the district court, upon trial, the jury rendered a verdict for $3,000 in favor of the plaintiff. Thereafter the trial court granted judgment *non obstante* upon the ground that the evidence adduced was insufficient to justify the verdict because no actionable negligence of the defendant was shown. From such order and judgment entered thereon, the plaintiff appeals, and specifies error of the trial court in making such order.

The sole question in this case requiring our attention is whether upon the record, and the verdict of the jury, actionable negligence of the defendant is shown through its failure to avoid injury to the boy after discovering him to be in a position of peril.

To sustain the order of the trial court granting judgment *non obstante,* it must appear clearly upon the whole record, as a matter of

law, that the defendant was entitled to a judgment in the merits. First State Bank v. Kelly, 30 N. D. 84, 98, 152 N. W. 125, Ann. Cas. 1917D, 1044.

It was the duty of the defendant to exercise ordinary care to avoid injury to the boy after discovering him to be in a place of peril. Failure to do so was wilful negligence. Acton v. Fargo & M. Street R. Co. 20 N. D. 434, 129 N. W. 225; Anderson v. Minneapolis, St. P. & S. Ste. M. R. Co. 103 Minn. 224, 14 L.R.A.(N.S.) 886, 114 N. W. 1123; Palon v. Great Northern R. Co. 129 Minn. 101, 151 N. W. 894; Welch v. Fargo & M. Street R. Co. 24 N. D. 463, 140 N. W. 680.

The fact that the boy was a trespasser on the tracks of the defendant railway, and that he was guilty of contributory negligence, did not absolve the defendant from its performance of this duty. If it failed to perform its duty in this regard, its negligence is deemed the proximate cause of the injury, while the boy's negligence is deemed the remote cause of it. 1 Thomp. Neg. p. 177; 8 Thomp. Neg. p. 240; Acton v. Fargo & M. Street R. Co. and Welch v. Fargo & M. Street R. Co. supra; De Noma v. Sioux Falls Traction Co. 39 S. D. 10, 162 N. W. 746.

The jury, upon special questions submitted, found that the boy was negligent in lying on the railway track, that he was there asleep just before the accident occurred, and that the engineer's view was not obstructed by a dog lying on such track so that he could not see the boy in time to stop the train.

There is evidence to show that the boy, on the day in question, was herding cattle along the right of way of the defendant at or near New Leipzig; that he had with him a small black dog, about seven months old, size about 10 to 12 inches high and 1½ feet long; that the boy was dressed in blue overalls and a light colored blue shirt; that he was wearing a straw hat with a black band; that in the afternoon, between 3 and 4 P. M., the boy was on the track about one-half mile west of the depot, playing and digging in the ground there; that he lay on his stomach stretched out between the rails with his head to the west, his dog with him also between the rails, about a foot from him. The train of the defendant consisted of four cars, the engine was a three wheeler mogul type. As it proceeded from New Leipzig westward at the time mentioned, the sun was shining; the track was level and straight; for

42 N. D.—9.

a half mile westward the tracks could be seen; there were no weeds or grass thereon; the engineer was keeping a watch of the track in front of him; when 200 or 300 feet away, the engineer observed the dog. He did not blow any whistle except a whistle at the crossing first west of the depot.

The engineer testifies that the dog stayed there until the engine was close, about 30 or 35 feet away, then the dog left the track and he saw the boy. He then blew the whistle, applied the brakes, and made an emergency stop; the brakes were working well and a good stop was made. The boy was pulled out just back of the front tracks of the refrigerator car attached to the engine. The fireman testified that he saw the dog when about 80 feet away. He was on the left side of the cab; the cab window extends over the rails probably about a foot; between the outside of his cab window and that of the engineer's on the right side, the distance is about 8 feet. The boy testified that he was not asleep, that he was lying between the tracks sort of crossways; that the dog was there with him about a foot away to the north of him between the rails; he did not hear the train until it was 5 or 6 feet away; he tried to get off the track; he got his right arm and right leg across the rail and these were caught by the train. The engineer testified that it seemed to him that the boy must have been sleeping or in a dazed condition, because he blew the whistle continuously and he never moved. The jury found that the boy was asleep just before the accident occurred. The train was proceeding at the rate of 8 to 15 miles per hour. One witness stated the rate to be 8 or 9 miles per hour. Under this evidence, it is perfectly clear that if the engineer did see the boy 200 to 300 feet distant, he could easily have stopped this train and avoided the injuries sustained. There is no dispute in the evidence that the brake appliances were in fine working order and that a fine emergency stop was accomplished when some 30 to 35 feet away from the boy. Some witnesses testified that the blowing of the alarm whistle and the stopping of the train occurred practically at the same time. It was so good that passengers were thrown out of their seats. It is fairly clear that if the fireman did see the boy about 80 feet distant, the train could likewise have been stopped and the injuries avoided. The record discloses that children frequently played on this track where the injuries

were sustained, and were frequently there on such tracks; this boy of tender years was in a position of peril.

Necessarily from the special findings made, the jury, pursuant to the instructions of the court in this regard, must have found, to support the general verdict rendered, that the engineer did see the boy about the time he first saw the dog and in time to have avoided the injuries sustained by the exercise of ordinary care. This court is not prepared to say as a matter of law, that the jury were not warranted in so finding under the evidence. The jury did find that the dog did not obstruct the view of the engineer so that he could not see the boy. There is, however, no special finding of the jury that the engineer did in fact see the boy in time, after such discovery, to avoid the injuries. It is clear, therefore, under the evidence, that the doctrine of last clear chance applied, if the engineer saw the boy at or about the time he first saw the dog.

The majority of the court are of the opinion that there is some substantial evidence upon which the jury might base a finding that the engineer did see the boy in time to avoid the injury. But they doubt if the jury did in fact so find, or have any intention of so doing. This is especially so in view of the finding of the jury that the boy had been asleep, which finding was contrary to the testimony of the boy. Accordingly a majority of the court are of the opinion that the judgment should not be reinstated, but that the case should be remanded for further proceedings upon the motion of a new trial. The majority also deem it proper to suggest that, in the event a new trial is ordered and had, special interrogatories ought to be submitted to the jury upon the controlling questions of fact arising under the last clear chance doctrine. Ballweber v. Kern, 38 N. D. 12, 164 N. W. 272.

The order of the trial court is reversed and the case is remanded to the District Court for further proceedings herein, with costs to the appellant.

GRACE, J. I concur in the result.

ROBINSON, J. (dissenting). The infant plaintiff, when a boy of nine and one-half years, was herding the town cattle adjacent to the line of defendant's railway. He fell asleep on the track and was run over by a locomotive, causing the loss of his arm and a leg. The jury gave

plaintiff a verdict for $3,000. The court gave judgment for defendant notwithstanding the verdict, and the plaintiff appeals.

The question presented is one of negligence and contributory negligence. When the plaintiff rested and defendant rested, the defendant moved the court to direct a verdict in its favor because the record failed to show any negligence on the part of the defendant and because the undisputed testimony showed that the boy was guilty of contributory negligence as a matter of law. The motion was denied and exception taken.

The law of the case is given by statute: Section 5948: "Every one is responsible not only for the result of his wilful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter wilfully or by want of ordinary care brought the injury upon himself. . . ."

The accident occurred in July, 1912, and about five years afterwards, this action was commenced. The train which run over the boy consisted of four cars, two of which were passenger cars. The engineer testified he saw nothing on the railroad track until about a half a mile from the village. Then he noticed a dog on the track at a distance of about two or three hundred feet. When at a distance of 30 or 35 feet the dog left the track. Then the engineer saw a boy lying there. He was lying between the rails, flat down. The engineer blew the whistle, shut off the steam, set the brakes, and, as he testifies, the boy did not move. He made an emergency stop, put on the brakes with all force, and when the train stopped the boy was lying behind the front tracks of the head car.

The boy testified that he lay on the track, facing east; that his black shepherd dog, a small pup about seven months old, lay behind him and about a foot from him. He did not hear the train till it was within 5 or 6 feet, and then, without seeing the train, he tried to roll off the track and had just got his right leg and arm on the track when he was caught. The train cut off the leg below the knee and the arm above the elbow. He testifies he was not asleep,—and there is no claim that he was deaf. His story is not credible. If not asleep, he would have heard the train in time to get off the track. But whether asleep or awake, it appears the boy was guilty of contributory negligence of the grossest kind. The engineer was not guilty of any negligence. He did

not suspect, and he had no occasion to suspect, that a boy lay on the track; and when he saw the boy he did all that was possible to stop the train. Then he took him from under the train; took him back to New Leipzig. The testimony shows conclusively and beyond all doubt the plaintiff has no cause of action. Order should be affirmed.