CHARLES COWAN, Appellant, v. MINNEAPOLIS, ST. PAUL, & SAULT STE. MARIE RAILWAY COMPANY, Respondent.

(172 N. W. 322.)

**Negligence — wilful — last clear chance.**

1. In an action for personal injuries, under the "last clear chance" doctrine, wilful negligence is the failure to exercise ordinary care after discovering a person to be in a position of peril.

**Question of fact — negligence — last clear chance.**

2. In such action, where the conductor of the defendant received notice that a person was lying under some cars of the defendant about to be moved, and thereafter signaled for the movement of the same, to the injury of such person, the question of whether such person was then discovered in a position of peril and whether reasonable care was then exercised is a question of fact for the jury.

**Verdict — general and special findings — inconsistency.**

3. In such action, it is *held* that where, upon special interrogatory submitted to the jury, it is found that the conductor of the defendant did not know that the plaintiff was prostrate upon the rail of the house track of the defendant when he signaled the engineer to move the cars over the place where plaintiff was, and where, in the evidence, the issuable fact is presented that the

---

NOTE.—On applicability of doctrine of last clear chance where danger not actually discovered, see note in 36 L.R.A.(N.S.) 957.

On intoxication of persons on railroad track as affecting applicability of doctrine of last clear chance, see note in 31 L.R.A.(N.S.) 1031.

On the question as to whether wantonness or wilfulness, precluding defense of contributory negligence, may be predicated of the omission of a duty before the discovery of a person in peril on a railroad track, see note in 21 L.R.A.(N.S.) 427.

On origin, function, and operation of doctrine of last clear chance, generally, see note in 55 L.R.A. 418.

plaintiff at the time was lying, not prostrate upon such rail, but under the cars beside such track, sufficiently to justify a finding in that regard upon the general verdict rendered for the plaintiff, the finding upon such special inter-rogatory is not necessarily inconsistent with, and does not control, the general verdict rendered, and particularly so where the jury, as in this case, appreciated the issuable facts involved in the general verdict, by requesting of the trial court, after retiring, further instructions.

Opinion filed April 1, 1919.   Appellant's petition for rehearing denied April 11, 1919.

Action for personal injuries, District Court, Stutsman County, *Nuessle, J.*

From order and judgment granted notwithstanding the verdict in favor of plaintiff, plaintiff appeals.

Reversed.

*Knauf & Knauf (John A. Jorgenson,* of counsel), for appellant.

The true test of the engineer's duty is involved in the question whether he has reasonable ground to believe, with all the knowledge of the surroundings which due diligence requires of him, that the life of a fellow man is in peril, and that the danger to his person can only be averted by stopping or reducing the speed of the train.   Whart. Neg. § 301; Tanner v. Louisville & N. R. Co. 60 Ala. 640; Needham v. San Francisco S. J. R. Co. 37 Cal. 409.

When intestate acted like a drunken man, and made no effort to leave the trestle, the engineer should have stopped the train.   2 Wood, Railway Law, 1268, and note 1; Kenyon v. New York C. & H. R. R. Co. 5 Hun, 481; Sheridan v. Brooklyn City & N. R. Co. 36 N. Y. 39, 93 Am. Dec. 490; Buel v. New York C. R. Co. 31 N. Y. 314, 88 Am. Dec. 271; Galena & C. U. R. Co. v. Yarwood, 17 Ill. 509; Whart. Neg. § 304; Clark v. W. & W. R. Co. 14 L.R.A. 749.

Notwithstanding the previous negligence of the plaintiff, if, at the time the injury was done, it might have been avoided by the ex-ercise of reasonable care and prudence on the part of the defendant, an action will lie for damage.   This doctrine was subsequently approved in Saulter v. New York & W. S. S. Co. 88 N. C. 123, 43 Am. Rep. 736; Turrentine v. Richmond & D. R. Co. 92 N. C. 638; Roberts v. Richmond & D. R. Co. 88 N. C. 560; Meredith v. Cranbery Coal &

I. Co. 99 N. C. 576; Farmer v. Wilmington & W. R. Co. 99 N. C. 564; Bullock v. Wilmington & W. R. Co. 105 N. C. 180; Wilson v. Norfolk & S. R. Co. 90 N. C. 69; Carlton v. Wilmington & W. R. Co. 104 N. C. 365; Randall v. Richmond & D. R. Co. 104 N. C. 410; Pickett v. W. & W. R. Co. 30 L.R.A. 257.

The jury did not find on all of the issuable facts involved under the pleadings and in the evidence in the case, and therefore the special findings as to whether the conductor knew the plaintiff was actually partially over the rail of the track does not govern the general verdict. McDermott v. Higby, 23 Cal. 489; Bank v. Peck, 8 Kan. 665; Freedman v. New York, N. H. & H. R. Co. 71 Atl. 900; Baker v. New York, N. H. & H. R. Co. 101 Fed. 545; Kungan v. Foster, 102 N. E. 103; Pint v. Bauer, 16 N. W. 425; Lane v. Lenfest, 42 N. W. 85.

*Lee Combs, S. E. Ellsworth,* and *John L. Erdall,* for respondent.

"A complaint in an action to recover damages for negligence must state the act of negligence complained of, and the plaintiff must recover, if at all, upon the particular act of negligence stated in the complaint." Hall v. Northern P. R. Co. 16 N. D. 60, 111 N. W. 609.

Where plaintiff in his complaint alleges merely specific acts of negligence on defendant's part, he will be restricted in the trial to proof of such acts. Gast v. Northern P. R. Co. 28 N. D. 118, 147 N. W. 793; 14 Enc. Pl. & Pr. 342; 29 Cyc. 584; Hart v. Northern P. Co. 116 C. C. A. 12, 196 Fed. 181.

"Wilful negligence is not simply greater negligence than that of injured party, nor does it necessarily include the element of malice or an actual intent to injure another; but it is a reckless disregard of the safety of the person or property of another by failing, after discovering the peril, to exercise ordinary care to prevent the impending injury. Anderson v. Minneapolis, St. P. & S. Ste. M. R. Co. 103 Minn. 224, 114 N. W. 1123; Alger Smith & Co. v. Duluth-Superior Traction Co. 93 Minn. 314, 101 N. W. 298; St. Louis & S. F. R. Co. v. Summers, 97 C. C. A. 328, 173 Fed. 358.

The liability of defendant does not arise "unless defendant's servants actually knew of decedent's peril and thereafter failed to exercise ordinary care to avoid injuring him." Anderson v. Minneapolis, St. P. & S. Ste. M. R. Co. supra; Fonda v. St. Paul City R. Co. 71

Minn. 450, 74 N. W. 166; Lando v. Chicago, St. P. M. & O. R. Co. 81 Minn. 279, 83 N. W. 1089; Olson v. Northern P. R. Co. 87 N. W. 843, 94 Minn. 258; Oklahoma City R. Co. v. Barkett (Okla.) 118 Pac. 350; Dahmer v. Northern P. R. Co. (Mont.) 136 Pac. 1059.

The railway company or the property owner, as the case may be, must refrain from injuring the trespasser only after, and not before, he has knowledge of his perilous situation. Hope v. Great Northern R. Co. 19 N. D. 438, 122 N. W. 997; Acton v. Fargo & M. Street R. Co. 20 N. D. 434, 129 N. W. 225; Costello v. Farmer's Bank, 34 N. D. 131; Bostwick v. R. Co. 2 N. D. 440.

"Where the special findings establish that plaintiff's injuries resulted from one of the ordinary risks which he had assumed when he entered into defendant's employ, it was the duty of the court to set aside the general verdict in his favor and render judgment for the defendant." Metz v. Missouri P. R. Co. (Kan.) 135 Pac. 578. See also: Felton v. C. R. I. P. R. Co. (Iowa) 29 N. W. 618; Colwell v. Parker (Kan.) 105 Pac. 524; Fairbanks v. Cincinnati R. Co. 66 Fed. 471; Plyler v. Pac. Portland Cement Co. (Cal.) 92 Pac. 56; Vogt v. Honstain, 85 Minn. 160, 88 N. W. 443; Roe v. Winston, 86 Minn. 77, 90 N. W. 122; Lando v. Chicago, St. P. M. & O. R. Co. 81 Minn. 279, 83 N. W. 1089; Olson v. Northern P. R. Co. 84 Minn. 258, 87 N. W. 843; Lathrop v. Fargo, M. Street R. Co. 23 N. D. 246; Welch v. Fargo & M. Street R. Co. 24 N. D. 463; Oakland v. Nelson, 28 N. D. 456; Swallow v. First State Bank, 35 N. D. 608.

BRONSON, J. This is an action for personal injuries. In the trial court the plaintiff recovered a verdict of $17,000. Upon motion made thereafter, judgment was granted *non obstante*. The plaintiff has appealed from the order and judgment so made therefor.

On June 23, 1915, the plaintiff, while in an intoxicated condition and while prostrate upon the railroad tracks in the yards of the defendant at Wilton, North Dakota, was run over and injured by the train of the defendant, thereby occasioning the loss of his left arm and the major portion of his right hand. The plaintiff at the time was a trespasser and manifestly guilty of contributory negligence. There is evidence in the record that at the time the plaintiff, while

either in a drunken stupor or asleep, was lying prostrate under some cars on the house track of the defendant, either between or beside the rails, or thereupon or partly so; that the conductor of the defendant was notified of the perilous position of the plaintiff, but, disregarding such notice, he signaled the train to proceed, whereby the plaintiff was injured as alleged.

Upon the pleadings and the evidence there is involved only the consideration and application of the "last clear chance" doctrine. Under this doctrine, as announced in Dubs v. Northern P. R. Co. recently decided, ante, 124, 171 N. W. 888, wilful negligence is the failure to use reasonable care after discovering a person to be in a place of peril.

To the jury there was submitted a special interrogatory as follows: "Did the defendant's conductor Eggleston know that the plaintiff was prostrate upon the rail of the house track of the defendant company at Wilton at the time he signaled the engineer to move the cars over the place where plaintiff was lying?"

This interrogatory was answered, "No."

The plaintiff contends that this interrogatory, so answered, is not inconsistent with the general verdict rendered. In effect, he contends that the general verdict is a finding upon every issuable fact submitted under the pleadings not inconsistent with the special finding; that there were other issuable facts presented upon the evidence and the pleadings for the application of the doctrine stated, upon which the general verdict may be upheld and therefore the trial court erred in its order.

The defendant contends, in effect, that the special finding of the jury is a finding that the conductor did not know or did not have notice of the fact that the plaintiff was in a position of peril. That in any event notice that a person was lying under some cars about to be moved is not notice that such person is in a drunken or helpless condition. That therefore the special finding being inconsistent with the general verdict, it controls.

These contentions present the only questions requiring our consideration upon this appeal.

In addition to the special interrogatory heretofore stated, another special interrogatory was submitted to the jury as follows: "Did the defendant's servants exercise ordinary care to avoid injuring the

plaintiff at said time and place after the conductor Eggleston became aware that said plaintiff was lying under the cars?"

Under the instructions given, the jury were required to answer this interrogatory only in the event that they answered the former interrogatory in the affirmative.

These special interrogatories, accordingly, in accordance with the instructions given, were submitted upon the theory that a negative answer to the first interrogatory would imply a lack of knowledge of plaintiff's perilous position and therefore foreclose any application of the principle of the "last clear chance" doctrine.

The jury, however, after retirement and some consideration of the case, returned into open court for further instructions; then two jurors stated that the jury did not understand about the questions. The court then read to the jury a portion of the instructions relative to such interrogatories. The court then said:

"These two questions, gentlemen, are submitted to you so you may evidence your findings on these two particular matters, passing on the evidence relative to these two particular questions in the manner I have instructed you in the general instructions. Answer the questions, 'yes' or 'no.'

"If you answer No. 1 'yes' then it will be necessary for you to go further and pass on the evidence relative to question No. 2, and answer question No. 2 'yes' or 'no,' according as you find the facts under these instructions. These questions, gentlemen, are to be answered 'yes' or 'no' according as you find the facts."

A juror then said: "We understand that in the evidence here nothing is said about that man being on the rail. He was beside the track under the car. Now if we answered that question as it reads there, now will that affect our decision in any way so as to give the defendant any hold on our decision one way or the other?"

The court then said: "I will answer your inquiry with reference to this by modifying this question. I will modify the question, gentlemen, in this respect: 'Did the defendant's conductor Eggleston know that the plaintiff was prostrate upon the rail of the house track of the defendant company at Wilton at the time he signaled the engineer to move the cars over the place where the plaintiff was lying, or that the plaintiff was lying under the cars in a position of danger?" In other

words, gentlemen of the jury, I will add to the question there a clause, "Or that he was lying under the cars in a dangerous and perilous condition?"

Then a juror said: "When the signal was given."

The court then inquired of the defendant's counsel whether there was any objection. Then the counsel stated: "Certainly, we make the objection to your Honor's modification, as under the statute the court has no power to amend the question."

Then followed:

The Court: Very well, gentlemen, the question will have to be answered as it is submitted.

Juror: In case the question was answered "No," would that relieve the company from paying any damages?

The Court: I can't answer that. Very well, gentlemen, you will have to retire. Remember, gentlemen, the question will be submitted to you as it was originally submitted to you.

During these proceedings the entire jury were present. From these proceedings and the record it is evident that a negative answer to the first question did not foreclose an affirmative answer to the second question. By the instructions the jury were directly precluded from answering the second question. The first question required the jury to find knowledge of plaintiff's position of peril *"upon the rail of the house track;"* the second question required the jury to find knowledge of such position, *"lying under the cars."* The questions propounded by the jurors showed that they comprehended the evidence and the issues. There is evidence in the record that the position of the plaintiff was lying under the cars, and not prostrate upon the rail. The two questions so submitted were not consistent. The jury very evidently appreciated the inconsistency. Properly they asked the court concerning the same. Although the objection made by defendant's counsel to the modification of the first question was good for the reason that it would create a double or disjunctive question, nevertheless, no effort was made to assist the court to clear up this inconsistency by defendant's counsel. Such counsel apparently had framed, and did ask that these special questions be submitted to the jury.

If it was then desired to interpret by special questions the general

verdict about to be rendered, a special question could then have been framed and submitted that would have covered any question that might arise upon the record herein concerning the application of the last clear chance doctrine. There is evidence in the record which would justify the finding of the jury that the plaintiff was in a position of peril under the cars, and that the conductor had notice thereof in time to have avoided the injuries by the exercise of reasonable care. The finding made by the jury upon the special interrogatory submitted is not necessarily inconsistent with such finding that the jury might make upon a special interrogatory covering the precise matter indicated. The majority of this court are not clearly satisfied that the jury, through the general verdict rendered, answered the issuable question presented by the evidence, whether the conductor had notice of the position of peril of the plaintiff under defendant's cars, and that therefore a new trial should be had to the end that the finding of the jury may be free from doubt upon the issues presented and considered herein. The majority also deem it proper to suggest that, upon the new trial, special interrogatories should be submitted to the jury upon the controlling questions of fact arising under the last clear chance doctrine. See Dubs v. Northern P. R. Co ante, 124, 171 N. W. 888.

The contention of the defendant that notice given that a person is lying under some cars about to be moved is not notice that such person is in a drunken and helpless condition and therefore, in a position of peril, is without merit. It involves the assumption that such person, a trespasser, is possessed of his ordinary faculties, and in the exercise of them will take himself from the place of peril. Whether the defendant, in such case, has the right to so assume is a question of reasonable care, and this is a question of fact for the jury in any event in this case. 2 Thomp. Neg. §§ 1736 and 1737.

From the foregoing considerations, it therefore follows that the trial court erred. It is ordered accordingly that the judgment of the trial court be reversed, and a new trial granted, with costs of this appeal to the appellant.

GRACE, J. I concur in the result.