EDMUND DUBS, an Infant, by Rudolph Dubs, his Guardian, ad Litem, Plaintiff and Respondent, v. NORTHERN PACIFIC RAILWAY COMPANY, a Corporation, Defendant and Appellant.

(199 N. W. 191.)

**Appeal and error — holding on previous appeals that evidence sufficient becomes law of case, where facts substantially same.**

1. Where, upon previous appeals, this court has held the evidence sufficient

Note.—(1) Conclusiveness of prior decisions on subsequent appeals, see note in 34 L.R.A. 321; 2 R. C. L. 227; 1 R. C. L. Supp. 461; 4 R. C. L. Supp. 95; 5 R. C. L. Supp. 84.

51 N. D.—8.

to support a recovery, such holding becomes the law of the case, and upon a subsequent appeal, where the facts developed are substantially the same, the law of the case will control.

**Witnesses — party may contradict testimony of own witness on cross-examination by showing facts otherwise.**

2. A party calling a witness is not bound by his testimony, given upon cross-examination, to the extent that he may not, by other competent evidence, show the facts to be otherwise.

**Appeal and error — party not prejudiced by omission of unrequested instruction.**

3. Where liability rests solely upon the last clear chance doctrine and the jury was amply instructed concerning it, it is *held* that the defendant was not prejudiced by the omission of an instruction covering contributory negligence where such instruction was not requested.

Opinion filed June 4, 1924.

Appeal and Error, 3 C. J. § 757 p. 855 n. 39; 4 C. J. § 3091 p. 1110 n. 80. Witnesses,. 40 Cyc. p. 2766 n. 23.

Appeal from the District Court of Grant County, *Pugh,* J.
Affirmed.

*Conmy, Young & Burnett,* for appellant.

It is settled law that no duty is owed to a trespasser except to refrain from wilfully injuring him after his peril is discovered. A failure to exercise ordinary care after an actual discovery of the peril may amount to a wilful injury. Leary v. Brooks, 7 N. D. 554; Dubs v. N. P. R. Co. 42 N. D. 124.

Where the engineer, at about 4 o'clock in the morning saw on the track less than 400 feet away, a dark object which he at first took to be cinders or creosote ties, and did not discover that it was a human being until about 200 feet away when he immediately applied the brakes, and sanded the track, but was unable to avoid running over decedent who was lying between the rails, either asleep or in a drunken stupor, it was held that defendant was not liable, it being shown that

(2) Right to impeach one's own witness, see note in 21 L.R.A. 430; 28 R. C. L. 643.

(3) Necessity for requesting instruction to make omission available as reversible error, see 14 R. C. L. 795; 3 R. C. L. Supp. 287; 4 R. C. L. Supp. 920; 5 R. C. L. Supp. 778.

the train, running at from 20 to 25 miles per hour could not have stopped within that distance. Leave v. Missouri, K. & T. R. Co. — Tex. Civ. App. —, 136 S. W. 1129.

A motorman of an interurban train going 45 miles per hour, when from 125 to 300 feet distant, saw a trespasser on her hands and knees between the rails of a bridge, and she remained in that position until struck. He reversed his motor, applied the brakes and did everything in his power to stop the train but was unable to do so in time to avert the injury. Held, a peremptory instruction for defendant was properly granted. Devine v. Aurora, E. & C. R. Co. 172 Ill. App. 132.

The rule that the decision of the appellate court on a former appeal is the law of the case and decisive on a subsequent appeal is inapplicable where the facts presented on the subsequent appeal are materially different from those on which the decision was rendered. Adams v. Thornton, 90 Pac. 713.

The question as to whether the court will reconsider upon a second appeal what has formerly been decided in the same case is addressed to the discretion of the court, and the decision of the court on a former appeal is not conclusive in a second appeal in which the evidence is the same. Speer v. Allen, 135 S. W. 232.

Where defendant called as his witness an officer of the plaintiff district, he was concluded by his testimony. In this case the court, quoting from one of its earlier decisions, said: "Against a proved fact or a fact admitted, a disputable presumption has no weight." Reclamation Dist. v. Sherman (Cal.) 105 Pac. 277.

Presumptions are indulged to supply the place of facts; they are never allowed against ascertained and established facts. When these appear presumptions disappear. 1 Moore, Facts, p. 516.

Where plaintiff's case rests on circumstantial evidence, the circumstances must not only be consistent with his theory, but when weighed with the opposing evidence, must have more convincing force substantiating the theory contended for, from which theory it results that the greater probability is in favor of the party upon whom the burden rests. Albert v. McKay & Co. 200 Pac. 83.

A bright intelligent child, seven and one half years old, who, though he knows that trains are liable to pass, and that if, when they pass, he is on the track, he will be run over, sits down on a railroad track

to play, falls asleep, and is run over, is guilty of contributory negligence. Kruezer v. R. Co. (Ind.) 43 N. E. 649.

Wittenberg v. Mollyneaux (Neb.) 80 N. W. 824. Was error to admit testimony where only diligence shown was that attorney was told that witness had gone from town, and also a subpœna was issued and returned not found.

Hines v. Minard (Ala.) 94 So. 302. Was error to admit because of not sufficient foundation where plaintiff stated that witness was in another state and had been living there more than a year.

Porter v. Ry. (Ala.) 79 So. 605. Foundation insufficient where two witnesses testify vaguely that witness may be out of state and the only effort to locate witness was by subpœna issued in one county.

Dover v. Greenwood (C. C. A. R. I.) 177 Fed. 946, 194 Fed. 91. Foundation insufficient where party testified that witness had left the state about three years ago and he hadn't seen him since. (See page 949.)

Wise Terminal Co. v. McCormick (Va.) 58 S. E. 584. Not sufficient where subpœna was returned and not found and where party testified that he had been told by several persons that witness was absent.

So. R. Co. v. Bounder, 141 Ala. 517, 37 So. 702. Not sufficient where it was shown that former witness had said he was living in Texas and that his present whereabouts were unknown.

Reynolds v. Fitzpatrick (Mont.) 72 Pac. 510. Showing that subpœna was returned not found and testimony that party had heard that witness was absent was insufficient to show present absence or when witness left state.

Houston R. Co. v. Smith (Tex.) 51 S. W. 506. Statement of counsel that witness is absent and cannot be found are insufficient.

It appears that this is the second trial of this action, and at the former trial testimony of witnesses was taken by a stenographer and by him reduced to writing, and certified to as correct. At the time of the last trial some of those witnesses were dead, and some were absent. The plaintiff offered to prove by the transcript made by the stenographer the testimony given by deceased and absent witnesses at the previous trial. There was no proof that the testimony was correctly taken or correctly transcribed, or that the paper offered was a correct

copy of the testimony of the witnesses as actually given, other than the certificate of the stenographer. This offer was rejected. There was no error in the ruling of the court in this respect. It is true that in Emerson v. Burnett, 11 Colo. App. 86, 52 Pac. 752, a transcript of the testimony taken by the stenographer was permitted to be used; but in that case it was agreed that the testimony had been correctly transcribed. In Chicago, St. P. M. & O. R. Co. v. Myers, 25 C. C. A. 486, 49 U. S. App. 279, 80 Fed. 365, the transcript was admitted, but in that case it was confessedly correct. The cases which hold that the transcript of the testimony at a previous trial may be introduced in a subsequent trial are those where the stenographer is called and testifies to the accuracy of the transcript, where the testimony has been preserved by a bill of exceptions, settled by the trial court, or where it is agreed by the parties that the transcript is correct. We have been unable to find any authority for the admission of testimony of this character when the verity of the transcript has not been determined. Williams v. Sleepy Hollow Min. Co. 7 L.R.A.(N.S.) 1177.

One ground of reversal urged is the overruling of the defendant's motion for a change of venue from the superior court of Cedar Rapids to the district court of Linn county at Marion. This motion was based largely upon alleged prejudicial publications concerning the accident by the newspapers of the city at the time thereof. Clippings have been set forth in the record, and we have read them. These articles so published contain nothing prejudicial to the defendant. They were not even hostile to her. They simply published the item of news and gave the defendant's version of the affair. While this alleged version may not have been strictly accurate as a version of the defendant, there was nothing hurtful in the variance. No charge of prejudice was made as against the inhabitants of the county, nor was there any request for a change of venue from the county. The jurors were drawn upon the statute from the body of the county in the same manner as jurors are drawn for the district court. We think the court acted within its proper discretion in denying the change of venue. Dice v. Johnson (Iowa) 175 N. W. 41.

*Jacobsen & Murray,* for respondent.

It was the duty of the defendant to exercise ordinary care to avoid injury to the boy after discovering him to be in a place of peril.

·Failure to do so was willful negligence. The fact that the boy was a trespasser on the tracks of the defendant railway, and that he was guilty of contributory negligence, did not absolve the defendant from its performance of this duty. If it failed to perform its duty in this regard, its negligence is deemed the proximate cause of the injury, while the boy's negligence is deemed the remote cause of it. Dubs v. Northern P. R. Co. 171 N. W. 888.

The rule is well settled that testimony is testimony, irrespective of which side it comes from; that it does not bind one side any more than the other. The only importance as to which side a witness testifies for, is in argument to the jury. It has a bearing on his credibility. 20 C. J. 50, § 793.

Where a party's own testimony makes out a case, the contradictory testimony of his own witness does not destroy it as a matter of law. Bellus v. Peters (Cal.) 130 Pac. 1186.

A party has a right to contradict his own witness by independent evidence showing the facts to be different from those testified to by such witness. 40 Cyc. 2766, ¶ B.

Where the proof admits of any doubt, . . . although plaintiff's evidence may be inconsistent, the motion to direct a verdict should be denied. Corbitt v. Great Nor. R. Co. 28 N. D. 136.

The law is well settled that the jury are not bound by the statements of an engineer as to when he sees an object on the track. They may base their finding on the physical facts if in their opinion, it overcomes a statement of the engineer. Cahill v. Chicago M. R. Co. 121 N. W. 553; Purcell v. Chicago & N. W. R. Co. (Iowa) 91 N. W. 933; Christianson v. Illinois C. R. Co. 118 N. W. 387; Johnson v. Chicago M. R. Co. 98 N. W. 312; London Guarantee & Acci. Co. v. Southern P. R. Co. 200 Pac. 805.

But the sufficiency of such proof is largely within the discretion of the trial court, which will not be interfered with unless an abuse of discretion is shown. 22 C. J. 433, § 519.

PER CURIAM. This is an appeal from a judgment in favor of the plaintiff and from an order denying the defendant's motion for a judgment notwithstanding the verdict for a new trial. The action is one to recover damages for personal injuries sustained by the plain-

tiff on July 5, 1912, through being run over by one of the defendant's locomotives near the village of New Leipzig.  The plaintiff at that time was a boy about nine years of age, and while engaged in herding cattle on the day in question was playing or resting upon the railroad track same distance west of the village.  He had a dog for a companion and as the train approached him from the east he was apparently unaware of its presence.  The engineer saw the dog from a distance of about 400 feet, but he testifies that he did not see the boy at the same time but that he did see him lying down upon the track about 40 feet ahead; that he applied the brakes immediately but was unable to stop the train in time to avoid injury.  This case has previously been before this court several times.  Dubs v. Northern P. R. Co. 42 N. D. 124, 171 N. W. 888, id. 47 N. D. 210, 181 N. W. 606, id. 50 N. D. 163, 195 N. W. 157.  For a more ample statement of the facts, reference may be had to the previous appeals.

Upon this trial the engineer was called and a witness for the plaintiff and testified that he saw the dog about 300 or 400 feet away, lying crosswise between the rails, and then, on cross-examination, that he was about 40 feet from the boy when he recognized that there was a boy on the track.  He testified substantially the same way upon former trials but, in the first, not as a witness for the plaintiff.  The appellant contends that the plaintiff is precluded by the testimony of this witness as to the time when the engineer saw the boy and that since, according to his testimony, he did not see him in time to avoid injury, and since liability must be predicated on the failure to exercise due care after discovery of the boy in the perilous situation, no recovery can be had. This court upon former appeals in this case, particularly those reported in 42 N. D. 124, 171 N. W. 888 and 50 N. D. 163, 195 N. W. 157, was of the opinion that in view of all the circumstances such as the time of day, the straight track, the comparatively unobstructed view ahead, except for the dog which was not large, and from the fact that the engineer was keeping a lookout, the whole evidence would support a finding by the jury that the engineer had seen the boy earlier than he said he did.  We were of the opinion, therefore, that there was sufficient evidence to support a recovery under the last clear chance doctrine.  But, in view of the doubt as to whether the jury had intended to find, or had actually found, that the engineer saw the boy in time to avert injury, it was

suggested that in the event of a new trial special interrogatories ought to be submitted to the jury covering the controlling questions of fact arising under the last clear chance doctrine. In passing, it may be proper to remark that upon one subsequent trial the jury answered such specific interrogatories in favor of the defendant, but upon this trial the jury answered as follows:

Question No. 1. How far was the engine from the boy when the engineer actually and in fact saw the boy on the track, to know it was a boy? A. 400 feet.

Question No. 2. Did the engineer actually and in fact see the boy, and know it was a boy on the track, in time to stop the train and avoid injuring him? A. Yes.

Question No. 3. Did the engineer use reasonable care, after the discovery of the boy on the track, to avoid injuring him? A. No.

In the light of the holdings of this court upon the former appeals, which have become the law of the case, it is unnecessary to discuss the sufficiency of the evidence generally to warrant the above findings. An examination of the transcript shows that the facts developed upon this trial are so far similar to those presented in the previous appeals that they would not warrant a different conclusion on the sufficiency of the evidence.

Does the fact that the plaintiff upon this trial made the engineer his witness alter the situation? We are of the opinion that it does not. A lawsuit is a proceeding designed to ascertain facts and to attach to such facts proper legal consequences. Whatever force there may be in the policy that treats one who produces a witness as a sponsor for the truth of his statements, we are satisfied that, in the light of the true object of a judicial proceeding, the policy would fail of its purpose if carried to the extreme of binding one by testimony elicited on cross-examination from witnesses whose natural position is adverse to the party calling them. At the time the plaintiff put the engineer on the witness stand in this case his counsel knew full well what he would testify to if asked concerning when he saw the boy, for he had testified to this fact upon the former trials. To hold, therefore, that the plaintiff is bound by reason of having used this witness

would be to place an obstacle in the path of litigants seeking to develop facts, as they would, in effect, be penalized for resorting to witnesses having knowledge of the facts and whose testimony might be more or less essential. See Jones, Ev. § 857 (860).

There is a further contention that the court erred in not submitting to the jury the question of the plaintiff's contributory negligence. It is apparent from the instructions as a whole that the defendant was not prejudiced by the omission of such an instruction. The jury was repeatedly told, in substance, that the defendant was not liable except for the failure of the engineer to exercise ordinary care after the actual discovery of the boy on the track in a perilous position. It does not appear that an instruction on contributory negligence was requested and, in view of the instructions actually given, the jury could scarcely have been misled by the omission of such an instruction. The boy's presence upon the track in the position he occupied was, without doubt, negligence as a matter of law and the instructions given were, in effect, predicated upon such contributory negligence.

There is a further contention that there was error in admitting the evidence of two witnesses taken at a former trial. There is no merit in this contention. It sufficiently appeared that those witnesses were out of the state and not subject to compulsory process; also, that their evidence was read from a settled statement of the case. There are additional assignments not going to the merits of the case, but we are of the opinion that the record amply indicates that no error prejudicial to the defendant has occurred, and hence we deem it unnecessary to discuss them.

Judgment affirmed.

BRONSON, Ch. J., and BIRDZELL, CHRISTIANSON, JOHNSON, and NUESSLE, JJ., concur.