[File No. 5985.]

MINOT FLOUR MILL COMPANY, a Corporation, Appellant, v. HENRY AUSLANDER, Respondent.

(243 N. W. 750.)

Opinion filed March 8, 1932.  Rehearing denied July 26, 1932.

*F. B. Lambert,* for appellant.

*E. R. Sikler* and *G. O. Brekke,* for respondent.

NUESSLE, J. This is an action for damages for breach of a written contract for the purchase of flour. The case is here for the second time. For opinion on the former appeal, see 58 N. D. 332, 226 N. W. 496. The pleadings and the issues thereby presented in the instant case are identical with those in the former case. The evidence is substantially the same in the two cases except in one respect, which will be referred to hereafter.

On the instant trial the court instructed the jury that the written contract was in evidence for their consideration; that it defined and fixed the rights and obligations of the respective parties; that the first question for the jury's determination was as to whether the plaintiff had established a breach of this contract on the part of the defendant; that if it had, then the jury need go no further in its deliberations but must find for the plaintiff for such damages as were incurred by reason of such breach; that if the jury failed to so find for the plaintiff that it must then proceed to consider the issues as made by the counterclaim and ascertain if the defendant had established that the contract was in fact breached by the plaintiff, and if so the verdict must be for the defendant in such amount as the defendant might establish he had suffered because of the plaintiff's breach; that if the jury should fail to find for the plaintiff on its cause of action and should not find for the defendant on the counterclaim, then, in that event, its verdict must be for the defendant for dismissal of the action. The verdict was for the defendant for a dismissal of the action. Judgment was entered accordingly. Thereafter the plaintiff moved for judgment notwithstanding the verdict or for a new trial. This motion was denied. Hence the instant appeal.

In support of its motion for judgment notwithstanding or for a new trial, the plaintiff urged, and now urges on this appeal, that the evidence was such that as a matter of law the plaintiff was entitled to a directed

verdict; that it was substantially the same as that produced on the former trial; that on the former appeal this court held that the evidence was not sufficient to sustain the finding that there was no breach of the contract by the defendant; that this became the law of the case and, therefore, judgment should be entered for the plaintiff notwithstanding the verdict; that, in any event, the court erred in certain of its instructions to the jury and, on that account, a new trial should be ordered. The principal contention, however, was and is that the evidence was insufficient to warrant and sustain a verdict in favor of the defendant on the principal cause of action.

We have carefully examined the record. It is voluminous and confusing. But the plaintiff's contention that it is substantially the same as that made on the former trial is, in the main, correct. It is different in one respect, however, and that is with respect to the evidence of abandonment or termination of the contract by the plaintiff. The contract, among other things, provided that "The seller (the plaintiff) may cancel this contract if there is any unpaid past due bill or if the property and assets of the buyer are in liquidation." The contract was entered into in August, 1926. Its term was eight months. When the contract was made, and during the whole period covered by it, the defendant was indebted to the plaintiff on account of flour purchased from the plaintiff under other and prior contracts. In September and October, 1926, this indebtedness was about $1,900, and was almost that amount in December when plaintiff began an action against the defendant to recover on account of it. Thereafter, in January or February, judgment for the amount claimed was entered against the defendant by stipulation and this judgment was not paid and satisfied until some time in July, 1927, after the expiration of the term covered by the contract on which the instant action was brought. In September, 1926, there was some conversation between the defendant and plaintiff's manager with respect to the matter of furnishing flour under the new contract. The defendant's testimony concerning that conversation is set out in our former opinion. See 58 N. D. 332, 226 N. W. 496. The testimony in this regard is substantially the same in the instant record. In addition, on the second trial, Mrs. Auslander, the defendant's wife, was called as a witness and she testified that some time in December, 1926, she had a conversation with plaintiff's manager wherein she in-

quired whether he was going to deliver some flour under the contract now in suit. He then told her the contract was cancelled and that no flour was going to be delivered under it. It is undisputed that no flour was delivered on this contract. Furthermore, it is clear that no further demand was made by Auslander for flour under the terms of the contract. The plaintiff and defendant are residents of and carry on their businesses in the same city and though negotiations with respect to the payment of defendant's prior indebtedness were carried on, nothing was ever said by either of the parties about the delivery of flour under the new contract, until in April just before its expiration when a written demand was made by the plaintiff upon the defendant that defendant receive and pay for flour according to its terms. So it seems to us, considering the whole record, that if the jury saw fit to believe Mrs. Auslander's testimony, it was warranted, in view of the other evidence in the record, in refusing to find that the defendant had breached the contract. Certainly the conduct of both plaintiff and defendant from the time of the conversation in September until the plaintiff sent the written notice in April was as consistent with the theory that the contract had been terminated and abandoned as with the theory that it was still in effect.

The plaintiff insists that the testimony of Mrs. Auslander with respect to her alleged conversation with plaintiff's manager is improbable and not worthy of credence; that she was not charged with the carrying on of defendant's business; and that it is unreasonable she should have had such a conversation. Plaintiff further points to the fact that she was not interrogated by the defendant with respect to such conversation on the former trial. As regards these contentions of the plaintiff, it is sufficient to say that this testimony is not so improbable that we can reject it as false. Nor is the circumstance that Mrs. Auslander was not interrogated respecting the matter on the former trial sufficient to warrant us in disregarding her testimony. It is undisputed that Mrs. Auslander had some interest in the defendant's business. She apparently was in charge of and conducted one of his retail stores. In any event, the worth and weight of her testimony were for the consideration of the jury to which these arguments might properly be addressed. It is true that the opinion on the former appeal established the law of the case, and were the evidence on the instant appeal the same as that on the

former, our holding then would be conclusive here. Dubs v. Northern P. R. Co. 51 N. D. 113, 199 N. W. 191. But for the reasons above stated we think there is a difference of such substance that this rule cannot apply, and accordingly we hold that the evidence is sufficient to sustain the verdict for the defendant on the principal cause of action. The district judge who tried the case and who saw and heard the witnesses was of the same opinion, as is shown by his memorandum.

But the plaintiff contends that the question of termination or abandonment of the contract was not so raised by the pleadings or in the instructions of the court as to be properly before the jury or here for our consideration; that the defense of abandonment or termination by the plaintiff was an affirmative defense and that it was not pleaded as such; that the defendant's answer to the cause of action set out in the complaint is, after admitting the execution of the contract upon which the suit was brought, merely a general denial; that with it is coupled a counterclaim for damages on account of breach by the plaintiff; that such counterclaim is predicated upon the theory that the contract continued in existence and effect and damage resulted from the plaintiff's breach; that for the defendant now to contend in the face of this counterclaim that the contract was terminated and abandoned by the plaintiff is so inconsistent that such contention cannot be allowed.

The court in its instructions defined the issues as made on the complaint and the counterclaim. It is true that these instructions made no reference to the clause in the contract whereby the plaintiff might terminate and cancel it for failure of the defendant to discharge his debts owing to the plaintiff. Nor were the jury told that such failure would warrant a cancellation and termination of the contract by the plaintiff. But the court did charge that the contract was in evidence and to be considered and that it measured the rights and obligations of the respective parties, and that in order to recover the plaintiff must establish a breach thereof by the defendant. So the jury in passing upon the issues as thus outlined by the court had the right to and doubtless did consider the contract and the evidence with respect to the question as to whether or not it had been terminated or abandoned by the plaintiff. Nor is there ground for the contention that the claim of termination and abandonment is so inconsistent with the theory of the counterclaim as to be unavailable to the defendant. In fact the defend-

ant in the counterclaim alleged termination and abandonment by the plaintiff. That was the basis of defendant's counterclaim, though he, of course, further contended that the contract had been terminated wrongfully and without cause. The issue was thus presented. Evidence was offered tending to support it. The jury may well have found that the contract was terminated and abandoned by the plaintiff, though it did not find that such termination and abandonment was without cause. It was possible for the jury to make this finding when it considered the issues presented on the complaint as well as when it passed upon the issues as made on the counterclaim. And if it made such a finding (and that is the effect of the verdict), then considering the whole instruction the verdict is not subject to plaintiff's challenge.

Finally, plaintiff urges that a new trial must be granted on account of the refusal of the court to give certain instructions requested by it. We have carefully considered the requests on which this contention is predicated, and in the light of the instructions as given are of the opinion that it cannot be sustained. Some of these requested instructions were in fact given in substance by the court. The others that were refused and not so given had to do with the matter of the defendant's counterclaim. Where the requests were given in substance, of course no error was committed. Where the requests which were refused had to do with the counterclaim, the plaintiff is not in a position to complain since the verdict was favorable to the plaintiff on that branch of the case.

The judgment and order are affirmed.

CHRISTIANSON, Ch. J., and BURKE, BURR and BIRDZELL, JJ., concur.